IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:06CR00026 |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **ROBERT EUGENE THOMPSON,** | ) | |
| | ) | By: James P. Jones |
| Defendant. | ) | Chief United States District Judge |

On December 21, 2006, the court sentenced the defendant in connection with a crack cocaine conviction. In so doing, the court considered the advisory federal sentencing guidelines as required under 18 U.S.C. § 3553(a).

Pursuant to its statutory authority, the United States Sentencing Commission has amended the federal advisory sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, effective November 1, 2007. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to the provisions of 18 U.S.C. § 3582(c)(2).

On March 19, 2008, the court received a Motion to Reduce Sentence pursuant to § 3582(c)(2) from the defendant.

Having considered the defendant's Motion to Reduce Sentence, the court concludes that the motion must be denied. The defendant plead guilty to conspiracy to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). According to the findings and conclusions of the Presentence Investigation Report—which this court adopted—the defendant was responsible for 17 grams of crack cocaine and 658.4 grams of marijuana. Pursuant to USSG 2D1.1 cmt. n.10, the crack cocaine is converted into its marijuana equivalent and combined with the amount of marijuana, in order to calculate the drug quantity for purposes of establishing the defendant's base offense level. Seventeen grams of crack cocaine is equivalent to 272 kilograms of marijuana. Thus, the amount of marijuana attributable to the defendant is 272.6584 kilograms of marijuana. Under the amended sentencing guidelines, this correlates with a base offense level of 26. At the defendant's original sentencing, he was held accountable for 340.6584 kilograms of marijuana and his base offense level was 26. Because the defendant's offense level has not been reduced by the amendment to the sentencing guidelines, his recommended guideline range has not changed. Consequently, the defendant is not eligible for a reduction of

his sentence. *See* USSG § 1B1.10.

Accordingly, it is **ORDERED** that the defendant's Motion to Reduce Sentence (Doc. No. 66) is **DENIED**.

The Clerk will send copies of this order to the defendant, to defense counsel of record, and to the United States Attorney's Office.

ENTER: March 28, 2008

 /S/ JAMES P. JONES
Chief United States District Judge

-3-

Case 1:06-cr-00026-JPJ-PMS   Document 67   Filed 03/28/08   Page 3 of 3   Pageid#: 231